FILED
COURT OF APPEALS
DIVISION II

2013 SEP -4 AM 10: 14

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KATHRYN SCRIVENER, | No. 43051-7-II |
| Appellant, | |
| v. | |
| CLARK COLLEGE, | PUBLISHED OPINION |
| Respondent. | |

JOHANSON, A.C.J. — Kathryn Scrivener, a nonpermanent member of Clark College's faculty, sought one of two tenure-track positions at the college. When the college hired younger candidates to fill those positions, she sued the college for age discrimination under Washington's Law Against Discrimination Act[1] (WLAD). The trial court dismissed the suit on summary judgment. Because Scrivener does not demonstrate that Clark College's nondiscriminatory explanations for hiring the other candidates were pretext for discrimination, we affirm.

## FACTS

In 1994, Clark College hired the then 42-year-old Scrivener as a part-time English instructor and, beginning in 1999, she signed annual contracts to be a temporary, full-time

---

[1] Ch. 49.60 RCW.

English instructor. Then, in the 2005 academic year, Clark College sought applications for two tenure-track faculty positions, and Scrivener was one of 156 applicants.

Of the 156 applicants, 50 were over 40 years old, and 106 were younger than 40. The screening committee, comprised of five tenured faculty members, reviewed the 152 applications that met the positions' minimum requirements. The screening committee narrowed the candidate pool and interviewed 13 candidates, including Scrivener. Of these 13 candidates, 7 were over 40 years old and 6 were under 40.

After observing and evaluating the candidates' teaching demonstrations, the screening committee identified finalists: Geneva Chao, Jill Darley-Vanis, Scott Fisher, and Scrivener. The screening committee forwarded the names, application materials, and candidate evaluations to Clark College President R. Wayne Branch and its Vice President of Instruction, Sylvia Thornburg.[2]

Branch and Thornburg reviewed the materials and interviewed the four finalists in May 2006, before hiring Chao and Darley-Vanis, who were both under 40 years old. Branch and Thornburg "agreed that of the four finalist[s], Ms. Scrivener was ranked last." Clerk's Papers (CP) at 59.

Scrivener sued Clark College under the WLAD, claiming age discrimination. In a summary judgment motion, Clark College attached declarations from Branch, Thornburg, and Clark College Human Resources Associate Director Sue Williams. Branch, who is older than

---

[2] The screening committee viewed each candidate's teaching demonstrations and evaluated each candidate's strengths and weaknesses. The screening committee noted Scrivener's weaknesses. Scrivener "lost her place and was not as smooth or clear as she could have been" which caused confusion among her audience; she lost touch with her audience by turning away from them while writing on the board; and her up-front style "could be an off-putting reaction [for] some passive students." Clerk's Papers (CP) at 65.

2

Scrivener, explained that as president, he made the final decision on faculty hiring, but Thornburg also participated and offered input. Branch and Thornburg hired Chao and Darley-Vanis based on the screening committee's recommendations of the finalists, candidate interviews, reference checks, and the needs of the English department and college as a whole. Branch stated that candidate interviews involved questions relating to how the finalists would meet the college's goals and functions; at no point did Branch, Thornburg, or the candidates discuss or consider the candidates' ages.

Thornburg is also older than Scrivener, and she too described the hiring process. She said that she and Branch "agreed that of the four finalist[s], Ms. Scrivener was ranked last" and that the college should hire Chao and Darley-Vanis. CP at 59. Thornburg explained that the decision to hire Chao and Darley-Vanis was based on the screening committee recommendations, candidate interviews, and English department needs. She also said they weighed the "broader institutional picture, what was lacking in terms of skills and abilities within the English Department, and considered which candidates would contribute to student success and the institution as a whole." CP at 59. Like Branch, Thornburg stated that at no point during final interviews did the topic of candidate age arise, nor did Branch and Thornburg consider age in the selection process.

Williams stated that at the time of hiring, 74.2 percent of Clark College's permanent workforce was over 40 years old, as were 87 percent of tenure-track faculty. Of the 34 faculty and administrative positions hired in the 2005 academic year, 18 (53 percent) were over 40 years old and 7 of 16 (44 percent) faculty hires during that period were over 40. Finally, Williams noted that the college's employment applications do not ask the applicant's age.

3

Scrivener opposed Clark College's summary judgment motion, claiming that the college passed over her for younger applicants despite her superior experience. She referenced Branch's January 2006 "State of the College" address in which he stated that Clark College needed "younger talent." CP at 89. Finally, she argued that Branch predominantly hired faculty under 40 for tenure-track positions in the 2005 academic year; she cited statistics showing that of the 17 faculty positions filled during this period, 13 were tenure track, and the college filled only 4 of those positions with candidates over 40.[3] Scrivener asserted that the trial court should deny Clark College's summary judgment motion because Scrivener raised a question of fact whether age was a substantial factor in hiring, violating the WLAD.

Scrivener's declaration explained that she possessed all the "desirable" qualifications the college sought for the tenure-track positions. CP at 101. She also stated that during her final interview, Branch impersonated Jon Stewart[4] by putting his hands under his chin and leaning across his desk, saying, "Go on." CP at 107. She characterized this as "clowning" and felt that he did not take her interview seriously. CP at 107. Scrivener also stated that Branch was initially open to a candidate with no experience for the tenure-track English positions, but that others later convinced him to seek candidates with at least three years experience. Finally, Scrivener stated in her deposition that Branch advised one person on a faculty hiring committee (though not the committee hiring the English tenure-track positions) to find candidates "with funk," "i.e., youthfulness." CP at 110.

---

[3] The college filled 16 tenure-track positions during this period, not 17.

[4] Jon Stewart is an award-winning political satirist, best-selling author, and comedian. He is best known as the host of Comedy Central's *The Daily Show*, a nightly satirical news program.

The trial court granted Clark College summary judgment, ruling that the college was entitled to judgment as a matter of law. Scrivener appeals.

## ANALYSIS

Scrivener claims that the trial court erred in granting summary judgment to Clark College because genuine issues of material fact exist regarding whether Scrivener's age was a substantial factor in her not being hired for a tenure-track position. The trial court did not err because Scrivener failed to demonstrate that the college's nondiscriminatory reasons for hiring Chao and Darley-Vanis were pretext for age discrimination.

### A. Standard of Review

We review summary judgment orders de novo. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). Trial courts properly grant summary judgment where the pleadings and affidavits show no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Questions of fact may be determined on summary judgment as a matter of law only where reasonable minds could reach but one conclusion. *Alexander v. County of Walla Walla*, 84 Wn. App. 687, 692, 929 P.2d 1182 (1997). When reviewing a grant of summary judgment, we consider solely the issues and evidence the parties called to the trial court's attention on the motion for summary judgment. RAP 9.12.

Under the WLAD, an employer may not refuse to hire, bar from employment, or discriminate against anyone because of an individual's age. RCW 49.60.180. To successfully raise an age discrimination claim under the WLAD, the employee has the initial burden of presenting a prima facie case of age discrimination. *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wn.2d 355, 363-64, 753 P.2d 517 (1988). Once the employee establishes a prima facie case of age discrimination, the burden of production shifts to the employer, who must show a

legitimate, nondiscriminatory reason for its conduct. *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 181, 23 P.3d 440 (2001), *overruled on other grounds by McClarty v. Totem Elec.*, 157 Wn.2d 214, 137 P.3d 844 (2006). If the employer meets its burden of production, the employee must then show that the employer's proffered reason was mere pretext for discrimination.[5] *Domingo v. Boeing Emps.' Credit Union*, 124 Wn. App. 71, 77, 98 P.3d 1222 (2004).

To show pretext, a plaintiff must show that the defendant's articulated reasons (1) had no basis in fact, (2) were not really motivating factors for its decision, (3) were not temporally connected to the adverse employment action, or (4) were not motivating factors in employment decisions for other employees in the same circumstances. *Fulton v. Dep't of Soc. & Health Servs.*, 169 Wn. App. 137, 161, 279 P.3d 500 (2012). To meet this burden, the employee is not required to produce evidence beyond that already offered to establish a prima facie case. *Sellsted v. Wash. Mut. Sav. Bank*, 69 Wn. App. 852, 860, 851 P.2d 716, *review denied*, 122 Wn.2d 1018 (1993), *overruled on other grounds by Mackay v. Acorn Custom Cabinetry, Inc.*, 127 Wn.2d 302, 898 P.2d 284 (1995). A court may grant summary judgment when the record conclusively reveals some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue, and abundant and uncontroverted independent evidence shows that no discrimination occurred. *Milligan v. Thompson*, 110 Wn. App. 628, 637, 42 P.3d 418 (2002). Thus, the trial court should submit the case to a jury only when it determines that all three facets of this burden-shifting scheme are met and that the parties have produced sufficient evidence supporting reasonable but competing inferences of both discrimination and nondiscrimination. *Fulton*, 169 Wn. App. at 149.

---

[5] This burden-shifting protocol, adopted by Washington courts, was originally announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

## B. No Showing of Pretext

The parties agree that Scrivener made a valid prima facie showing of age discrimination and that the college showed legitimate, nondiscriminatory reasons for not hiring Scrivener. Accordingly, we are left to decide only whether Scrivener demonstrated that Clark College's proffered explanations for not hiring Scrivener were pretextual. *See Domingo*, 124 Wn. App. at 77.

Here, Clark College explained its reasons for hiring Chao and Darley-Vanis over Scrivener. Branch stated that he hired them based on (1) screening committee recommendations, (2) candidate interviews, (3) candidate reference checks, (4) English department needs, and (5) college needs. Thornburg's explanation largely mirrored Branch's, as she articulated that the college hired Chao and Darley-Vanis based on (1) screening committee recommendations, (2) candidate interviews, and (3) English department needs. Both Branch and Thornburg explained that during final interviews, they considered the institution's focus on teaching and learning, the skills and abilities required of the English department to further that focus, and which candidates would best facilitate student success and the institution's ability to accomplish its goals and functions. Ultimately, Branch and Thornburg concluded that Chao and Darley-Vanis offered the best fit for the institution and the English department. They added that age was never considered during the hiring process, and Williams noted that employment applications do not ask an applicant's age.

Scrivener, however, challenges Branch's and Thornburg's explanations. She asserts that Branch's "State of the College" address expressed a desire to hire "younger talent." Br. of Appellant at 14. She also asserts that Branch said in a public forum that he did not want experience requirements for the positions, implying that he sought younger applicants. Finally,

Scrivener claims that Branch's "clowning" during her interview made her feel that Branch did not take her seriously. Br. of Appellant at 15.

As a threshold matter, Scrivener argues that to demonstrate pretext, she need only raise a reasonable inference that age discrimination played "a substantial factor" in Clark College's hiring decisions. *See* Reply Br. of Appellant at 9 n.1. For this proposition, she cites *Rice v. Offshore Sys., Inc.*, 167 Wn. App. 77, 272 P.3d 865, *review denied*, 174 Wn.2d 1016 (2012). In our view, *Rice* confused the burden of persuasion with the burden of production, and we decline to follow its analysis here.

*Rice* was a discrimination case that the trial court dismissed on summary judgment in which both parties stipulated that the plaintiff established a prima facie case and the defendant employer offered a legitimate reason for the adverse employment action. 167 Wn. App. at 85, 90. Division One of this court stated that the remaining question was whether the plaintiff could "produc[e] sufficient evidence to support a reasonable inference that a discriminatory retaliatory motive was a substantial factor in his discharge—pretext." *Rice*, 167 Wn. App. at 90. *Rice* relied on *Mackay*, 127 Wn.2d at 310, in using this "substantial factor" test. *See* 167 Wn. App. at 89. *Mackay*'s "substantial factor" test, however, does not apply to the burden shifting scheme used in a plaintiff's burden of production. In *Mackay*, our Supreme Court articulated that a trier of fact must use the "substantial factor" test in deciding whether a plaintiff meets her or his *burden of persuasion* to demonstrate that discrimination played a substantial factor in an employment decision. 127 Wn.2d at 310. Essentially, the *Rice* court took *Mackay*'s burden of persuasion test for triers of fact determining pretext at trial and improperly applied it to pretrial, burden of production stages. Accordingly, Scrivener's reliance on the "substantial factor" test is

misplaced. Scrivener must show pretext in the initial burden of production pretrial phase. As discussed below, Scrivener is unable to meet this burden.

First, Scrivener points to Branch's January 19, 2006 statement about the college needing "younger talent" as evidence of pretext. But we must review that remark in context. This reference was part of Branch's push for greater Clark College diversity: "[P]erhaps the most glaring need for increased diversity is in our need for younger talent. 74% of Clark College's workforce is over forty. And though I have a great affinity for people in this age group, employing people who bring different perspectives will only benefit our college and community." CP at 24. Branch drew from the college's human resources statistics that revealed that 74.2 percent of Clark College's permanent employees were over 40, as were 87 percent of tenured faculty.

Despite his stated desire to inject the college with young faculty, Branch still tended to hire applicants over 40 at a relatively high rate. During the 2005 academic year, 53 percent (18 of 34) of Branch's new hires were over 40, and 44 percent (7 of 16) of newly hired faculty were over 40. Branch expressly stated that his "younger talent" comment played no role in hiring Chao and Darley-Vanis. Given Branch's record of consistently hiring candidates over 40, Scrivener does not demonstrate how Branch's general statement, offered nearly four months before hiring the tenure-track English positions, demonstrated pretext for age discrimination.

If anything, Branch's "younger talent" remark is a "stray" comment, a remark that does not give rise to an inference of discriminatory intent. *See Kirby v. City of Tacoma*, 124 Wn. App. 454, 467 n.10, 98 P.3d 827 (2004), *review denied*, 154 Wn.2d 1007 (2005); *Domingo*, 124 Wn. App. at 90. In *Kirby*, the Tacoma police chief described the plaintiff, a temporary police captain, and other older officers as the "old guard" and wanting to get "gray-haired old captains

9

to leave." 124 Wn. App. at 467. When the police department passed over the plaintiff for a promotion, he sued for age discrimination, citing the police chief's comments to establish pretext. *Kirby*, 124 Wn. App. at 462, 467. We held that even had the police chief been responsible for deciding who would receive the promotion, these stray comments were insufficient to demonstrate that the employer relied on illegitimate criteria. *Kirby*, 124 Wn. App. at 467 n.10. Like *Kirby*, here Scrivener does not show that Branch's statement related to her. Branch's isolated comment about seeking younger talent to balance the college's faculty demographics and to bring diverse perspectives to the college faculty cannot be directly tied to Scrivener or the English department hirings. Like *Kirby*, Branch's remark was a stray comment and does not support a finding of pretext. *See* 124 Wn. App. at 467.

Similarly, in *Domingo*, three months before an employee was fired, the employer told her that the employee was "no longer a spring chicken." 124 Wn. App. at 89-90. Though the employee was soon fired, allegedly for her poor relationships with coworkers, Division One of this court held that the plaintiff could not demonstrate that the comment was anything more than an "isolated, stray remark" that "create[d] such a weak issue of fact that no rational trier of fact could conclude that [defendant] fired Domingo because of her age." *Domingo*, 124 Wn. App. at 90. Accordingly, the plaintiff could not demonstrate pretext. Like *Domingo*, here Branch's comment occurred months before he filled the English positions. And while Division One held in *Domingo* that the defendant's stray comment, which expressly referred to the plaintiff, was not the true reason for her termination, here Branch's comment was not directed at Scrivener; the comment at issue here is even further isolated and more stray than those in *Domingo*. We hold that Branch's "younger talent" remark was a stray comment that does not give rise to an inference of discriminatory intent and cannot demonstrate pretext.

Second, regarding Branch's statement that he did not want a minimum experience requirement for the tenure-track English positions, Scrivener offers her own deposition in which she testified that Branch "wanted to hire someone with zero experience, [but others] intervened and got him to agree to ask for at least three years' experience." CP at 110. This argument, however, is inconsequential because even if we take Scrivener's deposition at face value, she cannot demonstrate that the finalists for the tenure-track positions at issue lacked substantial experience. Chao, for example, had taught English-related courses at three different colleges since 1999. Her experience included teaching English at Clark College. Darley-Vanis had taught English-related courses at four different colleges since 1997. Darley-Vanis's experience, too, included six years at Clark College. And Scrivener had taught at four different colleges since 1993, including a full-time stint at Clark College beginning in 1999. Though Scrivener argues that Clark College denied her the position despite her superior experience, the hired candidates also demonstrated substantial college English teaching experience; Branch ultimately hired two experienced candidates.

To establish pretext, Scrivener must do more than show that she also had the experience to qualify for the tenure-track positions. *See Kuyper v. Dep't of Wildlife*, 79 Wn. App. 732, 738, 904 P.2d 793 (1995), *review denied*, 129 Wn.2d 1011 (1996). In *Kuyper*, an older female plaintiff was qualified for a state agency position, a position for which she had already been performing job duties, but a qualified younger male was instead hired. 79 Wn. App. at 738. Division One affirmed the trial court's summary judgment order dismissing the discrimination suit, holding that these facts were insufficient to establish that the defendant's explanation that it preferred a different qualified candidate was pretextual. *Kuyper*, 79 Wn. App. at 737, 738.

Here, like the younger male candidate in *Kuyper*, the younger candidates were also qualified for the open position. Accordingly, here the trial court did not err in granting summary judgment.

Third, Scrivener's claims that Branch did not take her seriously because he was "clowning" during her interview do not demonstrate age discrimination. Had Branch and Thornburg not taken Scrivener's application seriously, as Scrivener asserts, they likely would not have interviewed her. Also, Branch was ultimately responsible for already hiring Scrivener in 2004 and 2005 to teach full time at Clark College during a time when Scrivener was also within the protected over-40 age class. Moreover, human resource statistics demonstrate that Branch did seriously consider older faculty candidates. During the 2005 academic year, Branch filled 44 percent (7 of 16) of faculty positions with candidates older than 40, including 33 percent (4 of 12) of permanent tenure-track positions.

To overcome a summary judgment motion, Scrivener needed to demonstrate that Branch's articulated nondiscriminatory reasons for hiring Chao and Darley-Vanis (1) had no basis in fact, (2) were not the motivating reasons for their being hired, (3) were not temporally connected to Scrivener not being hired, or (4) were not motivating factors in employment decisions with other prospective faculty members over 40 years old. *Fulton*, 169 Wn. App. at 161. She does not meet her burden. Because Scrivener does not demonstrate that Branch's justifications for hiring Chao and Darley-Vanis were pretext for age discrimination, the trial court did not err in granting Clark College summary judgment. *See Milligan*, 110 Wn. App. at 637.

No. 43051-7-II

We affirm.

_Johanson, A.C.J._
JOHANSON, A.C.J.

We concur:

_Quinn-Brintnall, J._
QUINN-BRINTNALL, J.

_Dalton, J._
DALTON, J.P.T.

13