FILED
COURT OF APPEALS
DIVISION II

2015 FEB 18 AM 9: 23

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KIM TOSCH, | No. 45820-9-II |
| Appellant, | |
| v. | |
| YWCA PIERCE COUNTY, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Kim Tosch appeals the superior court's summary judgment dismissal of her age discrimination claim against her former employer, the YWCA[1] Pierce County (YWCA). Tosch argues that the superior court erred because she presented sufficient evidence to create a genuine issue of material fact (1) of a prima facie case of age discrimination and (2) whether the YWCA's stated reasons for terminating her employment were pretextual. We hold that Tosch presented sufficient evidence to create a genuine issue of material fact that (1) the YWCA's articulated reasons for terminating Tosch were pretext; or (2) although those reasons were legitimate, a genuine issue of material fact exists whether age was a substantial motivating factor in the YWCA's decision to terminate her. We reverse and remand.

## FACTS

In September 2011, the YWCA hired Kim Tosch when she was 57 years old as a paralegal and legal advocate for its legal services program. The YWCA considered Tosch an at-will employee. The YWCA terminated Tosch's employment less than one year later, claiming that her

---

[1] Young Women's Christian Association.

work performance was poor and that she missed an important filing deadline for a court document. Two people supervised Tosch: (1) Hannah McLeod, manager of the paralegal/legal advocate employees, and (2) Kevin Rundle, director of legal services and the sole attorney in the office. In 2011, hiring decisions at the YWCA were made by a group of people. In August 2012, McLeod and Rundle jointly decided to terminate Tosch.

The YWCA policy directed supervisors to document disciplinary action in an employee's file. That policy allowed a supervisor to discipline a YWCA employee for substandard work performance. The record does not contain any evidence of disciplinary action against Tosch, even though the YWCA offered several examples of formal action against other employees.[2]

According to Tosch, when she started the job, she received "virtually no official training"[3]; in February 2012, Rundle changed her work responsibilities and for one month, Tosch worked only on paralegal work to become proficient with the caseload; at the end of the month, Rundle told her she had done well; the next month, Rundle tasked Tosch with only legal advocate work, and Tosch did not receive any negative feedback on her performance.

Tosch indicated she had a positive relationship with Rundle until a conversation around April 2012, in which Tosch told him that she was 57 years old, rather than 47 years old as he had believed. Rundle "seemed stunned" at the information and from that moment Rundle was "standoffish" toward her. Clerk's Papers (CP) at 187, 188. After that conversation, Tosch said her supervisors moved her into McLeod's office and re-assigned her a paralegal caseload in

---

[2] *See e.g.*, Clerk's Papers (CP) at 111.

[3] CP at 196.

addition to the advocacy work she had been assigned earlier, which "overwhelm[ed]" her. CP at 188. She was not allowed to work any overtime, unlike other paralegal and legal advocate employees. According to Tosch, she was unaware that Rundle or McLeod were unhappy with her work until after Rundle learned of her true age.

In August 2012, Rundle formally reviewed Tosch's work performance. Before the evaluation meeting, McLeod told Tosch that she should not respond to what Rundle said during her evaluation and to "just sign [the evaluation form]" due to Rundle's potential reaction to a difference of opinion. CP at 189. The evaluation form listed eight competency categories and the reviewer was to rate the employee as "Exceeds Expectation," "Meets Expectation," or "Needs Improvement." CP at 63-64. Rundle rated Tosch as "Needs Improvement" for three categories, "Meets Expectation" for the other five categories, and listed five areas for improvement. CP at 63-64. For an overall performance rating, Rundle checked "Needs Improvement," the second-lowest available rating before "Unsatisfactory."[4] CP at 65. Tosch informed the Human Resources Director Ryann Robinson that she disagreed with this evaluation. Tosch said that Robinson told her that Rundle's rating of her work performance was not a reason to terminate her.

According to Rundle, on August 27, he discovered that a document written by Tosch had not been filed with the superior court on its due date. According to Tosch, Rundle told her that the document was due to be filed on an incorrect date, but he blamed Tosch for the oversight. Rundle and McLeod jointly discussed terminating Tosch; Rundle also discussed the termination

---

[4] The evaluation form provided five possible ratings for an employee's overall performance rating: "Outstanding," "Exceeds Expectations," "Meets Expectations," "Needs Improvement," or "Unsatisfactory." CP at 65.

with Robinson. The next day, Rundle and Robinson met with Tosch and told her that her employment was terminated. The YWCA did not give Tosch an explanation for her employment termination. Neither Rundle nor McLeod told Robinson that Tosch's termination was due to substandard work performance.

The YWCA's reasons for terminating Tosch changed over time. The first reason Rundle and McLeod gave was the late-filed court document, but they later asserted that neither supervisor had ever been satisfied with Tosch's work performance. After the YWCA terminated Tosch, McLeod told a new employee that Tosch did not learn quickly, explaining that Tosch "was a 'nice lady but she was older.'" CP at 201.

Tosch filed an age discrimination complaint against the YWCA under Washington's Law Against Discrimination (WLAD)[5]. The superior court granted the YWCA's motion for summary judgment and dismissed Tosch's lawsuit with prejudice. Tosch appeals.

ANALYSIS

I. STANDARD OF REVIEW

We review summary judgment rulings de novo, viewing the facts in the light most favorable to the nonmoving party. *Scrivener v. Clark Coll.*, 181 Wn.2d 439, 444, 334 P.3d 541 (2014). A trial court properly grants summary judgment where the pleadings and affidavits show no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). If reasonable minds could reach different conclusions about a fact, a genuine issue of material fact exists. *Marquis v. City of Spokane*, 130 Wn.2d 97, 105, 922 P.2d 43 (1996).

---

[5] Chapter 49.60 RCW.

The purpose of WLAD is to eliminate and prevent discrimination in the workplace. RCW 49.60.010. The legislature has directed us to construe the WLAD liberally to accomplish its purpose. RCW 49.60.020. WLAD prohibits an employer from making employment decisions based on a person's age of 40 years and older. RCW 49.60.180(2); RCW 49.44.090(1).

II. TOSCH PRESENTED SUFFICIENT EVIDENCE OF AGE DISCRIMINATION

Absent direct evidence of employment discrimination, Washington courts apply the *McDonnell Douglas* three-part burden-shifting analysis. *Scrivener*, 181 Wn.2d at 445-46 (citing *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). First, the employee must establish a prima facie case of discrimination. *Scrivener*, 181 Wn.2d at 446. Second, the burden shifts to the employer to produce evidence of a non-discriminatory reason for the negative employment action. *Scrivener*, 181 Wn.2d at 446. Lastly, the burden shifts back to the employee to produce evidence that the employer's reason for the adverse employment action was pretextual. *Scrivener*, 181 Wn.2d at 446. We hold that Tosch presented genuine issues of material fact of a prima facie case of age discrimination and pretext.

A. Tosch's Prima Facie Case of Age Discrimination

To establish a prima facie case of employment discrimination, a plaintiff must show that: (1) The employee belongs in the protected class, (2) the employer discharged the employee, (3) the employee's work was satisfactory when the employer made the adverse employment decision, and (4) the employer replaced the employee with a significantly younger person. *Griffith v. Schnitzer Steel Indus., Inc.*, 128 Wn. App. 438, 446-47, 115 P.3d 1065 (2005), *review denied*, 156 Wn.2d 1027 (2006). Under the satisfactory work prong, an employee must present facts that demonstrate his or her work performance is a genuine issue of material fact; the employee's

subjective characterization of his or her work is insufficient. *Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wn.2d 355, 359-60, 753 P.2d 517 (1988). Because the YWCA does not argue that Tosch failed to meet the first two elements of her prima facie burden, and, because as to the fourth element the YWCA argues only that Tosch's evidence that she was replaced by a younger employee is "weak,"[6] we address only the third element.[7]

Tosch presented sufficient circumstantial evidence that her work performance was satisfactory: Rundle told Tosch after a month of working only on paralegal tasks that she had done a good job; Rundle also complimented Tosch's work on the court document that he later criticized her for filing late, even though Rundle had instructed Tosch to file it on the late day; and Rundle and McLeod claimed that Tosch's performance was never satisfactory, but neither of them filed a formal disciplinary record in Tosch's file, even though the YWCA's policy dictated that substandard work performance subjected an employee to discipline documented in the employee's file. The YWCA presented evidence that Rundle and McLeod followed the documentation procedure with other employees for substandard work performance. Rundle's formal evaluation

---

[6] Br. of Resp't at 26.

[7] The YWCA's characterization of Tosch's evidence that she was replaced by a substantially younger employee as "weak" is an implicit admission of a material issue of fact. Br. of Resp't at 26. Regardless, Rundle admitted that Tosch's work was reassigned to employees aged 24 and 31 years old after the YWCA terminated Tosch and that the YWCA ultimately replaced Tosch with a new employee aged 49 years old. Proof that an employee was replaced by someone outside the protected age group is not "absolute." *Grimwood*, 110 Wn.2d at 363. Instead, under this element the employee must at least show that the employer sought a replacement who had similar qualifications, which demonstrates a continued need for those skills. *Grimwood*, 110 Wn.2d at 363. The YWCA hired a new paralegal and a new legal advocate after it terminated Tosch's employment.

of Tosch's work, completed shortly before the YWCA terminated her, rated Tosch "Needs Improvement," but not "Unsatisfactory," and Robinson told Tosch that this rating was not grounds to terminate her. CP at 65. Before Tosch told Rundle how old she was and he began to treat her differently, Tosch did not know that Rundle was displeased with her work.[8] Tosch's evidence that her work performance was satisfactory is sufficient to satisfy her prima facie burden.

### B. The YWCA's Legitimate Non-Retaliatory Reason

The burden thus shifts to the YWCA to provide a legitimate, nondiscriminatory reason for terminating Tosch. *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 181, 23 P.3d 440 (2001), *abrogated on other grounds by McClarty v. Totem Elec.*, 157 Wn.2d 214, 222, 137 P.3d 844 (2006). The YWCA met this burden by producing evidence that it terminated Tosch's employment because her work performance was poor and she failed to file a court document timely. Because these reasons are legitimate reasons for terminating Tosch's employment, the burden shifts back to Tosch to produce evidence that the alleged nondiscriminatory reason for terminating her was pretext for age discrimination. *Scrivener*, 181 Wn.2d at 446.

### C. Tosch Produced Sufficient Evidence of Pretext

To establish pretext, an employee must offer sufficient evidence to create a genuine issue of material fact either that (1) the employer's reason is pretextual or (2) although the employer's stated reason is legitimate, discrimination nevertheless was a substantial factor motivating the

---

[8] We note that YWCA's response to Tosch's evidence demonstrates that material issues of fact remain. YWCA presented evidence that Tosch did, in fact, know that Rundle and McLeod were not happy with her work. They also presented several notes regarding their frustration with Tosch's work performance, but these notes span only April and May 2012, rebutting YWCA's assertion that Rundle and McLeod were consistently displeased with Tosch's work from the beginning of her employment.

employer. *Scrivener*, 181 Wn.2d at 448. An employee is not required to *disprove* each of the employer's articulated reasons to satisfy the pretext burden of production. *Scrivener*, 181 Wn.2d at 447. The plaintiff's burden at trial is to prove that discrimination was a substantial factor in an adverse employment action, not the only motivating factor. *Scrivener*, 181 Wn.2d at 447. An employer may be motivated by multiple reasons, both legitimate and illegitimate, and still be liable under the WLAD. *Scrivener*, 181 Wn.2d at 447.

In *Scrivener*, Clark College failed to promote Scrivener, a temporary professor at Clark College, to a tenured position, hiring a younger candidate instead. *Scrivener*, 181 Wn.2d at 442. Clark College articulated "ambiguous reasons for not hiring Scrivener" to fill the tenured position when it claimed that the other candidates were clearly qualified and were the "'best fit.'" *Scrivener*, 181 Wn.2d at 448. Scrivener presented sufficient evidence of pretext by showing that the person with ultimate authority to promote her to a tenured position made several remarks relating to a preference to hire younger people, hired many people under 40 but fewer over 40, and made light of her interview for tenure by impersonating Jon Stewart, host of a television show typically associated with younger people. *Scrivener*, 181 Wn.2d at 443, 450. Further, Scrivener met all minimum and desirable qualifications, while neither of the hired candidates met all the desirable qualifications. *Scrivener*, 181 Wn.2d at 448. Our Supreme Court held that Scrivener presented sufficient evidence to create a genuine issue of material fact that (1) Clark College's articulated reason was pretext or (2) although the reason was legitimate, age was a substantial motivating factor in Clark College's decision not to hire Scrivener. *Id.*

Like Scrivener, Tosch presented sufficient evidence to create a genuine issue of material fact that either (1) the YWCA's articulated reasons were pretext or (2) the YWCA was substantially motivated by age discrimination when the YWCA terminated her.

First, after Rundle discovered Tosch's true age, he began to treat her negatively. Tosch's desk was moved into supervisor McLeod's office, and Rundle re-assigned Tosch paralegal duties in addition to her advocacy duties, which overwhelmed her with work. Unlike other employees, she was not allowed to work overtime.

Second, the YWCA did not document Tosch's "poor" work performance sufficiently to terminate her. CP at 85. The YWCA did not take any formal disciplinary action against Tosch, contrary to the YWCA's written policy that it take such action for an employee's poor work performance. The only documented unfavorable review of Tosch's work, that Tosch was aware of, came shortly before her termination through Rundle's evaluation that rated her as "Needs Improvement" but not "Unsatisfactory." CP at 65. Robinson did not consider Rundle's evaluation of Tosch to be grounds for termination. The absence of poor work performance is circumstantial evidence that the employer's reasons for termination were fabricated. *Griffith*, 128 Wn. App. at 450.

Third, the YWCA's reason for terminating Tosch changed over time, from a late-filed court document to wholly unsatisfactory work during the entirety of her employment. Further, Tosch was not given an explanation for her termination. And neither Rundle nor McLeod told Robinson that Tosch's termination was due to substandard work performance.

Fourth, Tosch also presented direct evidence that the YWCA's decision to terminate her was motivated by her age: After the YWCA terminated her, McLeod, who had participated in the

joint decision to end Tosch's employment, commented that, though Tosch was "'a nice lady[,] she was older'" and did not learn quickly.[9] CP at 201.

The YWCA asserts that the late-filed court document was Tosch's fault, that Rundle and McLeod moved her office into McLeod's office because of building construction, and that Rundle's surprise at learning Tosch's age "lacks support." Br. of Resp't at 31. To negate Tosch's claim of age discrimination, the YWCA cites to Rundle's hiring several people over 40 years old. But viewing the evidence in a light most favorable to Tosch, Tosch presented genuine issues of material fact as to her performance, the reasons for her termination, and whether those reasons were pretextual or the YWCA was substantially motivated by age discrimination. We hold that the parties presented reasonable but competing inferences of discriminatory and nondiscriminatory intent.

### III. SAME ACTOR INFERENCE

The YWCA argues that because Rundle both hired and terminated Tosch, the superior court properly granted summary judgment under the same actor inference. Tosch argues that the same actor inference does not apply because Rundle was not the sole decision-maker and he did

---

[9] The YWCA argues that McLeod's statements were stray remarks, not evidence of discriminatory intent. In addressing whether a stray remark is probative of discriminatory intent, our Supreme Court held that "[w]hether or not these statements alone would be sufficient to show pretext[,] or that Scrivener's age was a substantially motivating factor, they are circumstantial evidence probative of discriminatory intent." *Scrivener*, 181 Wn.2d at 450 (citing approvingly *Reid v. Google, Inc.*, 50 Cal. App. 4th 512, 538-46, 235 P.3d 988, 113 Cal. Rptr. 3d 327 (2010). The Supreme Court rejected the stray remark doctrine and noted "'An age-based remark not made directly in the context of an employment decision or uttered by a non-decision-make may be relevant, circumstantial evidence of discrimination.'" *Scrivener*, 181 Wn.2d at 450 n.3 (quoting *Reid*, 50 Cal. App. at 539).

not know her actual age when the YWCA hired Tosch. The same actor inference is not enough under these disputed facts to warrant dismissal on summary judgment.

Where the same actor both hires and terminates an employee, an inference arises that the employee was not discharged because of any attribute the actor was aware of when he or she hired the employee. *Hill*, 144 Wn.2d at 189. Such an inference, however, does not mean the employer is entitled to summary judgment if the strength of the employee's evidence of discrimination overcomes the inference. *Hill*, 144 Wn.2d at 189-90 (even though Hill established a prima facie case of discrimination and sufficient evidence of pretext, he failed to reasonably support a circumstantial case of age discrimination because of the strong same actor inference in his case).

Here, Tosch presented evidence that Rundle was not the sole person who decided to hire and terminate her, rebutting the YWCA's same actor inference. More significantly, however, Tosch has established a prima facie case of age discrimination and sufficient evidence of pretext and this evidence is sufficient to overcome any benefit to the YWCA from the same actor inference.

We hold that Tosch presented sufficient evidence to create a genuine issue of material fact that (1) the YWCA's articulated reasons for terminating her were pretext; or (2) although the reason was legitimate, a genuine issue of material fact exists whether age was a substantial

11

No. 45820-9-II

motivating factor in the YWCA's decision to terminate her. We reverse and remand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, J.

We concur:

Johanson, C.J.

Maxa, J.