**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAUREEN TAYLOR, | No. 24-2207 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-05509-JCC |
| v. | |
| METROPOLITAN DEVELOPMENT COUNCIL, INC., a Washington State nonprofit organization, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted February 12, 2026**
Seattle, Washington

Before: W. FLETCHER, PAEZ, and BUMATAY, Circuit Judges.

Maureen Taylor appeals from the district court's summary judgment in favor

of the Metropolitan Development Council ("MDC"). We have jurisdiction under 8

U.S.C. § 1291. We review de novo the district court's grant of summary judgment.

*Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Saints*, 127 F.4th 784, 789 (9th Cir. 2025) (en banc).  We affirm.

The district court did not err in granting summary judgment to MDC on Taylor's claim for breach of the collective bargaining agreement ("CBA").  The CBA provides, "No employee will be disciplined or discharged without just cause."  "'Just cause' may include the concept of progressive discipline such as verbal and written discipline, suspension without pay, or other discipline as issued by the Employer."  The CBA further provides that "[e]mployees agree to comply with MDC's published work rules and code of conduct."

MDC had just cause to terminate Taylor because it had received a substantial number of patient and coworker complaints about her conduct.  MDC investigated the complaints, determined they had merit, and concluded that Taylor's conduct violated MDC's published work rules and code of conduct.  Furthermore, Taylor received progressive discipline because she attended four Weingarten meetings, was brought back from administrative leave after MDC found insufficient evidence to warrant discipline, and was terminated only after MDC concluded that a new wave of complaints against her had merit.

The district court did not err in granting summary judgment to MDC on Taylor's state law claims.  Assuming without deciding that Taylor established a prima facie case of retaliation or wrongful discharge in violation of public policy, MDC, in relying on patient and coworker complaints, provided a legitimate,

2

nonretaliatory reason for Taylor's administrative leave and termination. *Scrivener v. Clark Coll.*, 334 P.3d 541, 546 (Wash. 2014); *Martin v. Gonzaga Univ.*, 425 P.3d 837, 843–44 (Wash. 2018). Taylor failed to rebut this reason.

**AFFIRMED.**