NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONATHAN ADELSTEIN, relator,

        Plaintiff - Appellant,

and

JESSICA BRUNELLE, relator,

        Plaintiff,

  v.

PEACEHEALTH, INC., a Washington
nonprofit corporation; ROBERT
AXELROD,

        Defendants - Appellees.

No. 25-605

D.C. No.
3:22-cv-05499-TMC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Tiffany M. Cartwright, District Judge, Presiding

Submitted April 14, 2026**
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Dr. Jonathan Adelstein ("Plaintiff") appeals the district court's grant of summary judgment to his employer, PeaceHealth, Inc., and supervisor, Robert Axelrod (collectively, "Defendants") on claims that Defendants retaliated against him for raising concerns about fraudulent billing practices. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011), we vacate the district court's grant of summary judgment to Defendants on Plaintiff's retaliation claims and remand for further proceedings.

1. The district court correctly determined that Plaintiff's internal complaint expressing concerns about fraudulent billing at Saint John's Medical Center ("SJMC") and his comments to Defendant Axelrod about "Medicaid fraud" constituted protected activity under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). Plaintiff presented evidence that a colleague ("Dr. Shoemaker") told Plaintiff that he had billed for a patient he had not seen, that Plaintiff believed based on his review of Shoemaker's perfunctory patient notes that Shoemaker had a pattern of false reporting, and that a significant proportion of SJMC's patients were involuntarily committed patients covered by Medicaid. This evidence is sufficient to raise a genuine dispute that Plaintiff reasonably and in good faith believed that Shoemaker was regularly billing for patients he had not seen, and that at least one of those patients may have had Medicaid coverage. *See Moore v. Cal.*

25-605

*Inst. of Tech. Jet Propulsion Lab'y*, 275 F.3d 838, 845 (9th Cir. 2002) ("[A]n employee engages in protected activity where (1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing fraud against the government."). On appeal, Defendants do not dispute that they knew about Plaintiff's protected activity as of July 12, 2021.

However, the district court erred when it held that Plaintiff failed to establish a genuine dispute that Defendants retaliated against him because of his protected activity. Deposition and declaration testimony, as well as email records, show that Axelrod was unwilling to consider retaining Plaintiff to fill staffing shortages at SJMC after he became aware of Plaintiff's protected activity. Indeed, Axelrod rejected multiple administrators' suggestions that Plaintiff should continue to work at SJMC after his contract was set to expire. Nonrenewal of an employment contract can constitute retaliation, even if the plaintiff had no entitlement to renewal and the nonrenewal decision was "purely discretionary." *MacIntyre v. Carroll Coll.*, 48 F.4th 950, 955 (9th Cir. 2022). And "a reasonable jury could conclude that" Axelrod's refusal to allow Plaintiff to fill SJMC's staffing shortage was "reasonably likely to deter employees from engaging in activity protected under the False Claims Act." *Moore*, 275 F.3d at 848. A reasonable jury could

therefore conclude that Plaintiff established a prima facie case of retaliation under the FCA.

Additionally, Plaintiff raised a genuine dispute that Defendants' proffered legitimate reasons for this action were pretextual. Defendants argue that, when Plaintiff temporarily refused to see seven patients on July 12, 2021, he "creat[ed] a patient care crisis that Axelrod had to solve." But a reasonable jury could determine that this explanation is pretextual because Plaintiff ultimately saw all of his assigned patients, and there is no evidence that Plaintiff's temporary refusal to do so impacted patient care. Defendants also assert that Axelrod believed that Plaintiff was "blackmailing" him by refusing to see more patients unless Axelrod restored Plaintiff's September and October shifts. But, even though Axelrod did not restore Plaintiff's September and October shifts, Plaintiff proceeded to see all of his scheduled patients and to work the rest of his shifts in July and August. A reasonable jury could therefore conclude that, by August and September, when Axelrod refused to consider extending Plaintiff's contract, Axelrod did not reasonably believe that Plaintiff had blackmailed him. Accordingly, we vacate the district court's grant of summary judgment to Defendants on Plaintiff's FCA retaliation claim and remand for further proceedings.[1]

---

[1] Because we hold that Plaintiff raised a genuine dispute that Defendants retaliated against him by refusing to consider extending his contract at SJMC, it is not necessary to determine whether he raised a genuine dispute that Defendants also

2. Retaliation claims under the Washington Law Against Discrimination ("WLAD"),Wash. Rev. Code § 49.60.210, and the FCA involve the same burden-shifting analysis. *See Scrivener v. Clark Coll.*, 334 P.3d 541, 546 (Wash. 2014) (en banc). We therefore vacate the district court's grant of summary judgment to Defendants on Plaintiff's WLAD retaliation claim for the same reasons discussed above.

On appeal, Defendants raise one argument specific to the WLAD: they contend that they are entitled to summary judgment on the alternative ground that "[r]eporting 'billing' issues is not protected conduct under WLAD." Defendants, however, forfeited this issue when they conceded to the district court that there are material disputed facts regarding whether Plaintiff engaged in activity protected under the WLAD. Consistent with our "'general rule' against entertaining arguments on appeal that were not presented or developed before the district court," we decline to address this argument. *Comcast of Sacramento I, LLC v. Sacramento Metro. Cable Television Comm'n*, 923 F.3d 1163, 1168 (9th Cir. 2019) (citation omitted).

---

retaliated against him by preventing PeaceHealth's other locations from hiring him. We therefore do not decide whether the district court erred when it excluded evidence about the open position at PeaceHealth Southwest.

**VACATED** and **REMANDED** for further proceedings consistent with this decision.

Each party to bear its own costs.