[No. 66522-7-I.   Division One.   January 23, 2012.]

PERCY LEVY, *Appellant*, v. SNOHOMISH COUNTY, *Respondent*.

*Percy Levy*, pro se.

*Mark K. Roe, Prosecuting Attorney*, and *Lyndsey M. Downs* and *Sean D. Reay, Deputies*, for respondent.

¶1 LAU, J. — Inmate Percy Levy filed this action alleging that Snohomish County (County) unreasonably failed to comply with his request for documents under the Public Records Act (PRA), chapter 42.56 RCW. Because the record establishes that the County promptly and fully complied with the PRA, the trial court properly dismissed Levy's action on summary judgment. We therefore affirm.

## FACTS

¶2 The relevant facts are undisputed. On April 19, 2010, the Snohomish County Prosecuting Attorney's Office received a public records request from inmate Percy Levy:

> While pending trial back in 2002 (case #02-1-02453-4) my attorney provided me with a statement made by my co-defendant Breena Johnson (Martin). The statement was made to Everett Detectives.
>
> I want a copy of that statement.

On the following day, April 20, 2010, David Wold, the designated public records specialist for the prosecutor's office, responded by letter to Levy's request. Wold expressed his belief that the prosecutor's office had supplied Levy with all of Johnson's statements in response to a previous request. Wold acknowledged that he could not confirm the prior request because it had been purged in accordance with the office retention schedule, and he requested clarification:

> If you are seeking another interview by Everett Police that we have not provided, our file apparently does not contain that record. If you are missing the statements we previously provided, and those statements are what you are now seeking, please advise us and we will be happy to provide you with another copy.

¶3 On May 13, 2010, Wold received Levy's response, dated May 6. Levy denied that he had ever requested or received any statements by Johnson. Levy then broadened his request to include "any statement made by Ms. Johnson in regards to the *2002* crime where she was my *codefendant*."

¶4 On the following day, May 14, Wold notified Levy that he had located two statements by Johnson—(1) the 22-page statement she gave to police and (2) a 2-page officer's summary of a few comments that Johnson made after taking a polygraph test. The letter detailed the various available formats and costs, including $8.07 for copies of the two statements.

¶5 Shortly after May 18, 2010, the prosecutor's office received two letters related to Levy's request for public records. The first was from Diane Kennedy, who enclosed a

money order for $8.07 on behalf of Levy "to cover the cost of the transcript he has requested." The second letter was from Levy, who disputed any need for clarification of his original request. He then asked for an explanation of why Johnson's statements "were not located the last time I requested them."

¶6 On May 27, 2010, Wold mailed the 22-page statement to Levy but inadvertently failed to include the 2-page officer summary. On the same date, Wold also responded to Levy's latest letter, explaining that he had requested clarification to make sure that he provided the correct document and to prevent any needless expense for records that were already received.

¶7 Following e-mail exchanges with Diane Kennedy on June 16, 2010, Wold realized that he had failed to send Levy the 2-page officer summary. On June 17, 2010, he mailed Levy the officer summary and e-mailed a copy to Kennedy.

¶8 In a letter dated June 24, 2010, Levy acknowledged receipt of the documents. Citing an alleged PRA violation, Levy expressed his willingness to settle the matter for $580 in lieu of litigation.

¶9 On August 13, 2010, Levy filed this action against the County, alleging a violation of the PRA. The County moved for summary judgment. Concluding that there were no disputed facts, the trial court granted the motion on November 17, 2010. The court denied Levy's motion for reconsideration on December 27, 2010.

## DISCUSSION

¶10 Levy contends that the County violated the PRA by making an unnecessary request for clarification and failing to timely provide the requested records. We disagree.

¶11 The PRA mandates that agencies disclose any public record upon request, unless it falls within a specific, enumerated exemption. *Neighborhood Alliance of Spokane County v. Spokane County*, 172 Wn.2d 702, 715, 261 P.3d

119 (2011). We review agency actions under the PRA de novo. RCW 42.56.550(3); *Neighborhood Alliance*, 172 Wn.2d at 715. We also review summary judgment orders de novo and determine whether the supporting materials, viewed in the light most favorable to the nonmoving party, demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *Oltman v. Holland Am. Line USA, Inc.*, 163 Wn.2d 236, 243, 178 P.3d 981 (2008).

¶12 Under the PRA, agencies must respond "promptly" to record requests. RCW 42.56.520. At the time of Levy's request, RCW 42.56.520 required the County, within five business days, to (1) provide the requested record, (2) acknowledge receipt and provide a reasonable estimate when it would respond, or (3) deny the request and provide a written explanation for the action. But agencies may request additional time "based upon the need to clarify the intent of the request . . . ." RCW 42.56.520(4).

¶13 Levy contends that the County's request for clarification unreasonably delayed its compliance with the PRA, in violation of the five-day time limit in RCW 42.56.520. He maintains that his original request was "objectively clear" and that clarification was therefore unnecessary.

¶14 Levy originally requested a document that his attorney apparently showed him during a 2002 criminal trial. As the County correctly notes, the request created an immediate uncertainty because the County had no objective method for determining what counsel had shown Levy. At a minimum, a person seeking documents under the PRA must identify or describe the documents with sufficient clarity to allow the agency to locate them. *Hangartner v. City of Seattle*, 151 Wn.2d 439, 447, 90 P.3d 26 (2004). The PRA does not "require public agencies to be mind readers." *Bonamy v. City of Seattle*, 92 Wn. App. 403, 409, 960 P.2d 447 (1998).

¶15 Moreover, the public records specialist also recalled having previously provided Levy with a statement by

Johnson. Because the specialist was unable to confirm that prior request, he could reasonably have suspected that Levy was asking for either a different document or another copy of the previously provided document. Levy's contradictory claims about the prior request underscore the uncertainty. In his May 6, 2010 letter, Levy flatly denied ever requesting or receiving any statements by Johnson. But in his May 18, 2010 letter, Levy requested information on where the two requested documents were "when I requested them a few years ago." Under the circumstances, the County's request for clarification was warranted and reasonable.

¶16 Levy contends that the 59 days that elapsed from April 19, 2010, the day the County received his request, to June 17, 2010, when it mailed the 2-page officer summary, constituted an unreasonable delay. But the great majority of this time involved mailing delays associated with Levy's incarceration.

¶17 The record here establishes that the County responded without delay to every request or communication from Levy and his agent. The County did not withhold documents or ignore or reject Levy's requests. Rather, it timely disclosed, identified, and made available all relevant documents. Although the County inadvertently failed to include the 2-page officer summary in the initial mailing, it rectified that omission within one business day of learning about it. Because Levy has not demonstrated any violation of the PRA, the trial court properly dismissed his action on summary judgment. *See Greenhalgh v. Dep't of Corr.*, 160 Wn. App. 706, 248 P.3d 150 (2011).

¶18 Affirmed.

DWYER, C.J., and LEACH, J., concur.