# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STEVEN L. CANHA, | ) | No. 73965-4-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| an agency of the STATE OF | ) | UNPUBLISHED OPINION |
| WASHINGTON, | ) | |
| | ) | FILED: April 25, 2016 |
| Respondent. | ) | |

VERELLEN, A.C.J. — A party relying on a discovery rule or equitable tolling to oppose summary judgment based on a statute of limitations bears the burden of establishing when the party first learned of the information giving rise to the cause of action. Stephen Canha appeals the summary judgment order dismissing his claims against the Department of Corrections arising out of two Public Records Act[1] (PRA) requests. He argues the discovery rule should apply to claims related to his PDU-22455 request. Whether analyzed under a discovery rule or equitable tolling, Canha fails to establish when he first learned the documents provided in PDU-22455 were not responsive. Therefore, his claims related to that request are time barred. Canha also fails to establish that the Department did not identify and produce all records he sought in his PDU-24889 request.

---

[1] Ch. 42.56 RCW.

We affirm.

## FACTS

### PDU-22455

On October 19, 2012, the Department received a public records request from Canha, an inmate in the Department's custody:

> I need information on inmate banking, specifically on the [mandatory] inmate savings. Where are these funds deposited i.e. what bank what account. I need a copy of the banking agreement between the Department of Corrections and the bank for inmate specific funds. Is there any [interest] earned on it for 2009 thru 2011.[2]

A week later, the Department informed Canha that it had interpreted his request as seeking records showing:

1. In which bank and which account inmate savings funds are deposited.

2. Banking agreement between [the Department] and the bank identified in item one.

3. Amount of interest inmate savings accounts earned from January 1, 2009 thru December 31, 2011.[3]

In January 2013, the Department notified Canha that it had gathered two pages responsive to which bank and to which account inmate savings funds were deposited and the Department's banking agreement with that bank.

On February 12, 2013, the Department sent Canha a letter enclosing the responsive documents, an exemption log, an exemptions section explaining the redactions made in the records, and an appeal form. The letter informed Canha that there were no responsive documents regarding his request for the amount of interest on inmate savings accounts because the accounts were noninterest bearing. Canha did

---

[2] Clerk's Papers (CP) at 43.

[3] Id. at 45-46.

2

not receive these documents; the Department mailroom issued a "mail rejection notice," explaining that the mail was not allowed because it threatened the security and order of the facility.[4]

On April 12, 2013, the Department received an appeal form from Canha. On June 3, 2013, the Department responded that the documents provided to him were responsive to his request, and that the redactions had been appropriately applied.

PDU-24889

On April 24, 2013, the Department received a letter from Canha with the heading "RE: PDU-22455 & PDU-22386":

I am not seeking multiple copies of the requests.

I am seeking to [receive] the ones that have already been sent due to me not [receiving] them.

They were [confiscated] by the [Department]. So I wish to pay for them again and have them sent to another address please.[5]

The Department informed Canha that his request had been assigned tracking number PDU-24889 as seeking records showing:

1. In which bank and which account inmate savings funds are deposited.

2. Records showing the banking agreement between [the Department] and the bank identified in item one.

3. Amount of interest inmate savings accounts earned from January 1, 2009 thru December 31, 2011.

4. Information showing that offenders at CRCC have sent money from their savings account to their immediate family members as according

---

[4] Id. at 110.

[5] Id. at 62. PDU-22386 is not directly addressed in this appeal. The record here reflects the Department produced nine records responsive to that request. See id. at 72, 79-87.

to [the Department] policy 200.000 for medical needs of those family members.[6]

The Department stated it had "gathered 11 pages responsive to item numbers 1, 2, and 4" that would be sent upon payment.[7] The Department also advised Canha to reply if this interpretation of his request was incorrect.

In June 2013, after receiving payment for the records from a third party, the Department requested Canha to provide the name and mailing address of a third party so that it could send the responsive documents. Contrary to his April 24 letter, Canha responded that he wanted the documents to be mailed directly to him.

In July 2013, the Department sent Canha the responsive documents, an exemption log, an exemptions section explaining the redactions made in the records, and an appeal form. Canha did not receive these documents. The Department mailroom staff issued another "mail rejection notice," explaining that the mail was not allowed because it contained information that could create a risk of violence or "physical harm to any person."[8]

On April 15, 2014, Canha sued, challenging the Department's handling of his PDU-22455 and PDU-24889 requests under the PRA. His complaint specifically alleged the Department "breached its statutory duties" by:

Failing to produce non-exempt responsive records;

Failing to produce partially-exempt redactable responsive records;

Failing to disclose responsive records;

Redacting non-exempt responsive records; and

---

[6] Id. at 64.

[7] Id. at 64-65.

[8] Id. at 94.

Producing redacted records without an explanation as to how the exemption applies.[9]

The Department moved for summary judgment. The Department argued Canha's claims relating to his PDU-22455 request were barred by the PRA's one-year limitations period and that the Department had produced all the responsive records relating to his PDU-24889 request. The trial court granted summary judgment, dismissing all of Canha's claims.

Canha appeals.

ANALYSIS

PDU-22455

Canha argues the trial court erred in finding that his claims relating to his PDU-22455 request were barred by the one-year statute of limitations because the discovery rule should apply in this case. We disagree.

We review agency actions under the PRA de novo.[10] We also review a summary judgment order de novo, engaging in the same inquiry as the trial court.[11] We view the facts and all reasonable inferences in the light most favorable to the nonmoving party.[12] Summary judgment is proper if there are no genuine issues of material fact.[13] "A material fact is one that affects the outcome of the litigation."[14]

---

[9] Id. at 6-7.

[10] Neighborhood All. of Spokane County v. County of Spokane, 172 Wn.2d 702, 715, 261 P.3d 119 (2011).

[11] Id.

[12] Fulton v. State, Dep't of Soc. & Health Servs., 169 Wn. App. 137, 147, 279 P.3d 500 (2012).

[13] CR 56(c); Lowman v. Wilbur, 178 Wn.2d 165, 168-69, 309 P.3d 387 (2013).

[14] Owen v. Burlington N. & Santa Fe R.R. Co., 153 Wn.2d 780, 789, 108 P.3d 1220 (2005).

A defendant moving for summary judgment "has the initial burden to show the absence of an issue of material fact, or that the plaintiff lacks competent evidence to support an essential element of [his] case."[15] If the defendant meets this initial showing, then the inquiry shifts to the plaintiff to set forth evidence to support his case.[16] The evidence set forth must be specific and detailed.[17] The responding plaintiff may not rely on conclusory statements, mere allegations, or argumentative assertions.[18] If the plaintiff fails to establish the existence of an essential element that he bears the burden of proving at trial, then summary judgment is warranted.[19]

A lawsuit challenging an agency's decision or action "must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis."[20] A party relying on a discovery rule to oppose summary judgment based on a statute of limitations bears the burden of establishing when the party first learned of the information giving rise to the cause of action.[21] To the extent that Canha's arguments might implicate an equitable tolling theory based upon the mailroom

---

[15] Seybold v. Neu, 105 Wn. App. 666, 676, 19 P.3d 1068 (2001).

[16] Young v. Key Pharm., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989).

[17] Sanders v. Woods, 121 Wn. App. 593, 600, 89 P.3d 312 (2004).

[18] CR 56(e); Vacova Co. v. Farrell, 62 Wn. App. 386, 395, 814 P.2d 255 (1991).

[19] Young, 112 Wn.2d at 225.

[20] RCW 42.56.550(6).

[21] Clare v. Saberhagen Holdings, Inc., 129 Wn. App. 599, 603, 123 P.3d 465 (2005); see also Phoenix Trading, Inc. v. Kayser, 2011 WL 3158416, at *9 (W.D. Wash. July 25, 2011) (court order); Miles v. Shanghai Zhenhua Port Mach. Co., Ltd., 2009 WL 5067513, at *4 (W.D. Wash. Dec. 17, 2009) (court order).

rejections, Canha had the same burden to establish when he first learned the Department's responses were inadequate.[22]

The only information in the record about the contents of Canha's April 12, 2013 internal appeal is the Department's June 3, 2013 denial of that appeal. The Department's June 3, 2013 response recites that Canha's internal appeal alleged a failure to provide responsive documents. Canha did not provide the appeal form he submitted. But he acknowledges his April 15, 2014 lawsuit relating to the PDU-22455 request alleges a failure to produce all responsive documents. Therefore, the internal appeal is consistent with Canha knowing, by April 12, 2013, facts giving him notice that the Department failed to provide responsive documents in the PDU-22455 production. Moreover, Canha fails to establish any other date when he first learned the documents provided in PDU-22455 were unresponsive. Whether analyzed under a discovery rule or equitable tolling, the one-year statute of limitations accrued no later than April 12, 2013. We conclude the April 15, 2014 lawsuit for claims arising out of the PDU-22455 production is time barred.

## PDU-24889

Canha argues the Department incorrectly interpreted his PDU-24889 request. We disagree.

The PRA requires agencies to respond to requests for identifiable public records.[23] "The standard for an 'identifiable record' is whether an agency employee

---

[22] Nickum v. City of Bainbridge Island, 153 Wn. App. 366, 379, 223 P.3d 1172 (2009) (party asserting that equitable tolling of a statute of limitations should apply bears the burden of proof); accord Benyaminov v. City of Bellevue, 144 Wn. App. 755, 767, 183 P.3d 1127 (2008).

[23] RCW 42.56.080; Hangartner v. City of Seattle, 151 Wn.2d 439, 447-48, 90 P.3d 26 (2004).

7

could reasonably identify the records from the description the requestor gives."[24] "At a minimum, a person seeking documents under the PRA must identify or describe the documents with sufficient clarity to allow the agency to locate them."[25] "The PRA does not 'require public agencies to be mind readers.'"[26]

Under the subject line "RE: PDU-22455 & PDU-22386" of his April 24, 2013 request, Canha indicated he was "not seeking multiple copies of the requests. I am seeking to [receive] the ones that have already been sent due to me not [receiving] them."[27] A week later, the Department advised Canha it interpreted his request as seeking records showing:

1. In which bank and which account inmate savings funds are deposited.

2. Records showing the banking agreement between [the Department] and the bank identified in item one.

3. Amount of interest inmate savings accounts earned from January 1, 2009 thru December 31, 2011.

4. Information showing that offenders at CRCC have sent money from their savings account to their immediate family members as according to [the Department] policy 200.000 for medical needs of those family members.[28]

Consistent with that interpretation, the Department provided the same two records that had previously been provided in the PDU-22455 production. As to the exemptions, the Department issued a joint exemption log collecting exactly the same

---

[24] WASH. STATE BAR ASS'N. PUBLIC RECORDS ACT DESKBOOK: WASHINGTON'S PUBLIC DISCLOSURE AND OPEN PUBLIC MEETINGS LAWS, § 5.1 at 5-4 (2d ed. 2014).

[25] Levy v. Snohomish County, 167 Wn. App. 94, 98, 272 P.3d 874 (2012); PUBLIC RECORDS ACT DESKBOOK § 5.1 at 5-4.

[26] Levy, 167 Wn. App. at 98 (quoting Bonamy v. City of Seattle, 92 Wn. App. 403, 409, 960 P.2d 447 (1998)).

[27] CP at 62.

[28] Id. at 64.

exemptions claimed in the PDU-22455 production. The Department also provided a new appeal form.

Canha acknowledges his request was ambiguous. Still, he claims the PDU-24889 production was deficient because the Department did not include precisely the same exemption log and precisely the same appeal form that had been mailed to him in the PDU-22455 production. But the Department gave Canha its interpretation of his ambiguous request and asked him to respond if its interpretation was inaccurate. Canha responded that he did not want the documents sent to a third party, but he did not indicate that the Department's summary of the information he requested was incorrect. He did not indicate that he wanted precisely the same exemption log and precisely the same appeal form that had been provided on February 12, 2013 in PDU-22455.

Based on this record, Canha fails to establish that the Department did not identify and produce all records he sought in his request. To the extent Canha suggests the Department conducted a new investigation before making the PDU-24889 production, he provides no authority that engaging in such diligence violated the PRA, especially when he received the two records previously produced in PDU-22455. The record contains no facts supporting Canha's speculative theory that the Department must be withholding a signed signature bank card and a deposit agreement.

Therefore, we conclude that the record reflects the Department complied with the PRA.

## Attorney Fees and Costs

The PRA entitles a prevailing party to "all costs, including reasonable attorney fees."[29] Because Canha is not a prevailing party, we deny his request for attorney fees and costs.

We affirm.

WE CONCUR:

---

[29] RCW 42.56.550(4).