IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| F. ROBERT STRAHM, | No. 79254-7-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| SNOHOMISH COUNTY, | |
| Respondent. | FILED: May 6, 2019 |

CHUN, J. — In April 2016, F. Robert Strahm filed the three public record requests at issue on appeal with Snohomish County (County).[1] For one of these requests (K008293), the County directed Strahm to its website and the County Auditor's Office to obtain responsive records and closed the request. The County stated it would respond to Strahm's two other requests (K008190 and K008333) in installments and began doing so.

Dissatisfied with the records the County produced and their format, Strahm filed a complaint alleging violations of the Public Records Act (PRA). The County moved for summary judgment. The County claimed it had complied with the PRA as to the closed request. With regard to the other two requests, the County argued Strahm had prematurely filed his lawsuit because it had not finished responding to them. The trial court granted the County's motion and

---

[1] We refer to the requests using the tracking numbers the County assigned to them— K008190, K008293, and K008333.

dismissed Strahm's case. Strahm appeals and seeks statutory penalties totaling over $500,000. We affirm.

I.
BACKGROUND

A. Request K008190

On April 21, 2016, Strahm submitted a public records request seeking, in part, records of "Land Capital Assets increases and decreases" and "Equipment Capital Assets increases and decreases" for 2012, 2013, and 2014.[2] The County responded the following day, informing Strahm that it had assigned tracking number K008190-042216 to the request and that it expected to make "public records responsive to [the] request . . . available on or before May 27, 2016." Due to the large scope of Strahm's request, the County told him it would submit responsive records in installments. In correspondence, Strahm requested the County submit files to him in Database File (DBF) format.

---

[2] Strahm's full request provided as follows:

I request the following public record(s), including, without limitation, electronic records, invoices, billings, bids, payments, accounting:

1. All records of the Capital Projects Fund revenues and expenditures and fund transfers from 1/1/2013 to the present date.
2. All records of the Conservation Futures Tax Fund revenues and expenditures and fund transfers from 1/1/2013 to the present date.
3. All records of the Data Processing Capital Fund revenues and expenditures and fund transfers from 1/1/2013 to the present date.
4. All records of Land Capital Assets increases and decreases for the years 2012, 2013 and 2014 as depicted in the county's notes to the financial statements.
5. All records of Equipment Capital Assets increases and decreases for the years 2012, 2013 and 2014 as depicted in the county's notes to the financial statements.
6. All records of sales of bonds by the county from 1/1/2014 to the present date.

He claims the County violated the PRA with respect to only Items 4 and 5.

The County submitted the first installment on May 27, 2016 and had provided 15 installments, including 1,420 electronic files, as of March 1, 2018.[3] The County expected to complete its response by the end of 2018.

B. Request K008293

On April 26, 2016, Strahm requested documents related to the County's approved budget and property inventory for the years 2013, 2014, and 2015. Strahm again requested delivery of the files in DBF format.

The County responded on May 2, 2016 and assigned the request the tracking number K008293-042616. The County told Strahm via e-mail that it posts the council approved budget online and provided him with the web address. The e-mail additionally provided, "Electronic records responsive to this request will be submitted in native format[4] unless the records contain redacted material." The County expected to provide the first installment of responsive records by June 3, 2016.

On June 3, 2016, the County told Strahm via e-mail that it had determined its website contained all the records relating to the budget inquiry and that the County Auditor's Office maintained the records responsive to the property inventory request. This e-mail again provided the web address where Strahm could access the budget files in PDF format. The County's e-mail also informed

---

[3] March 1, 2018 is the date of the declaration supporting the County's motion for summary judgment. The declaration contains the information regarding what records the County provided to Strahm in response to requests K008190 and K008333.

[4] "Native file format refers to the default file format that an application uses to create or save files." Native File Format, TECHOPEDIA, https://www.techopedia.com/definition/5453/native-file-format [https://perma.cc/GD4S-7BZH].

Strahm that to obtain the documents located at the County Auditor's Office, he would need to contact the Auditor and pay a fee. The County provided Strahm with the address for the Auditor's Office and the recording numbers for the documents he sought. Because the County directed Strahm to the records formatted as PDFs or paper documents, it did not provide them in native format.

On June 3, 2016, the County closed the request.

C. Request K008333

On April 28, 2016, Strahm made a public records request seeking, among other documents, "records of county property inventory acquisitions and dispositions, for the years 2012, 2013, 2014, 2015" in PDF format.[5]

The County responded on May 4, 2016 and assigned the tracking number K008333-042816 to the request. It told Strahm that it would make records available in installments and that it expected to produce the first installment by June 10, 2016.

---

[5] Strahm's full request stated:

I request the following public record(s):

1. All electronic budget records including without limitation, actual expenditures, for the years 2015 to the present date. Please provide the records in DBF format.

1. [sic] All records of county property inventory acquisitions and dispositions, for the years 2012, 2013, 2014, 2015. Please provide the records in PDF format.

2. All email in PST (NOT MSG) format sent or received by county employees or elected officials regarding the new courthouse project between January 1, 2012 and the present date.

3. All email in PST (NOT MSG) format sent or received by county employees or elected officials regarding Conservation Futures projects, including without limitation purchases, sales, construction, between January 1, 2012 and the present date.

He challenges the County's response only as it relates to the second item in the list (which he labelled as a second "1." in his request).

The County provided the first installment of responsive records on May 27, 2016. It continued to provide records to Strahm, including 18 installments totaling 9,364 electronic files and over 12 gigabytes of data as of March 1, 2018. The County anticipates it will complete the request by the end of 2019.

D. Trial Court Proceedings

On May 15, 2017, Strahm filed a complaint against the County for violations of the PRA. The lawsuit sounded in four causes of action: (1) failure to produce records; (2) failure to promptly respond; (3) failure to provide a privilege log; and (4) failure to provide fullest assistance.[6] Strahm additionally sought "an award of a statutory penalty for each day and for each page of public records that are found to have been withheld in violation of the PRA, at the maximum of the penalty range set forth in RCW 42.56.550(4)."

The County moved for summary judgment on March 2, 2018. The County argued that it had complied with the PRA with regard to request K008293 and that Strahm had filed the claims concerning requests K008190 and K008333 prematurely because it had not yet closed those requests. On May 1, 2018, the court granted the County's motion.

Strahm appeals.

II.
ANALYSIS

Appellate courts review de novo a trial court's grant of summary judgment. Scrivener v. Clark Coll., 181 Wn.2d 439, 444, 334 P.3d 541 (2014). Trial courts

---

[6] The first and fourth causes of action pertained to all three of Strahm's requests. The second cause of action addressed requests K008190 and K008333 and the third concerned request K008293.

review de novo challenges to an agency action under the PRA. RCW 42.56.550(3). Such a court should grant summary judgment where no genuine issues of material fact exist, entitling the moving party to judgment as a matter of law. Scrivener, 181 Wn.2d at 444. When determining whether a genuine issue of material fact exists, we consider all the facts in the light most favorable to the nonmoving party. Scrivener, 181 Wn.2d at 444.

### A. Request K008293

#### 1. Format

Strahm argues the County violated the PRA with respect to request K008293 because it did not produce the files in native or DBF format.[7] The County contends it complied with the PRA. We agree with the County and affirm the trial court's grant of summary judgment for the County as to this request.

RCW 42.56.520(1) requires an agency to respond to a request for public records within five business days of receiving the request. The response must either provide the record; provide an internet address and link to the specific record; acknowledge receipt of the request and provide an estimate of when it will produce responsive records; acknowledge receipt of the request and ask for clarification; or deny the request. RCW 42.56.520(1)(a)-(e). Should an agency

---

[7] Strahm additionally argues the County's response to request K008293 violated the PRA because it did not provide an exemption log and did not conduct an adequate search. First, the County did not need to provide an exemption log because it did not redact or refuse to provide any record. See RCW 42.56.210 ("Agency responses refusing, in whole or in part, inspection of any public record shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld."). Second, Strahm did not argue below that the County failed to conduct an adequate search and thus improperly raises the argument on appeal. Accordingly, we decline to address this issue. See RAP 2.5(a).

deny a request, it must provide a written statement with the specific reasons for the denial. RCW 42.56.520(4).

Under the PRA, "[a]n agency should provide reasonably locatable electronic public records in either their original generally commercially available format (such as an Acrobat PDF® file) or, if the records are not in a generally commercially available format, the agency should provide them in a reasonably translatable electronic format if possible." WAC 44-14-05001. "While not required, an agency may translate a record into an alternative electronic format at the request of the requestor if it is reasonable and feasible to do so." WAC 44-14-05001. However, "[n]othing in the PRA obligates an agency to disclose records electronically." Benton County v. Zink, 191 Wn. App. 269, 281, 361 P.3d 801 (2015).

Here, Request K008293 sought records of the council-approved budget and county property inventory. The County responded to Strahm's request in four business days. The response acknowledged receipt of Strahm's request, gave an estimate for when the County would produce responsive documents, and provided an internet address for where it believed Strahm could access many of the records he sought. In a subsequent communication sent on June 3, 2016, the County informed Strahm that it had determined he could find all of the responsive records either online or at the County Auditor's Office.

As to the council-approved budgets, the County posts the records online in PDF format—a commercially available format. See WAC 44-14-05001;

Budget Division, SNOHOMISH COUNTY, WASH. (last visited April 24, 2019), https://snohomishcountywa.gov/367/Budget-Division. The PRA does not require the County to translate a record into an alternative electronic format. See WAC 44-14-05001. That the County did not provide the records in native or DBF format did not constitute a violation of the PRA.

Likewise, directing Strahm to paper records of the county property inventory at the County Auditor's Office did not violate the PRA. As required by statute, the County filed an inventory of all its capital assets with the County Auditor's Office. See RCW 36.32.210. The County stated, "These records are accessible to the public upon request subject to payment of applicable fees." It further gave Strahm the address for the Auditor's Office and the recording numbers for the documents he sought. That Strahm could access paper copies of these records, as opposed to electronic files, also does not violate the PRA. See Zink, 191 Wn. App. at 281; WAC 44-14-05002 ("While not required, providing a PDF copy of the record is analogous to making a paper copy.").

2. "Fullest assistance"

Strahm additionally argues the County violated the PRA's requirement to provide "fullest assistance" because it did not provide "electronic budget and inventory database records." His request, however, merely sought "[e]lectronic records of the council approved budget" and "[e]lectronic records of the county property inventory." The County had previously posted the council-approved budget online and provided Strahm with the internet address. The County further

directed Strahm to where he could obtain the inventory records. Thus, the County responded to Strahm's request as he phrased it and directed him to the documents in generally commercially available formats—as PDFs or paper copies. See Levy v. Snohomish County, 167 Wn. App. 94, 98, 272 P.3d 874 (2012) ("At a minimum, a person seeking documents under the PRA must identify or describe the documents with sufficient clarity to allow the agency to locate them. The PRA does not require public agencies to be mind readers.") (internal quotations and citations omitted).

Thus, even when viewing the facts in the light most favorable to Strahm, we determine the County's response to Request K008293 did not violate the PRA.

B. Requests K008190 and K008333

Strahm next argues the County violated the PRA with regard to Requests K008190 and K008333. The County asserts Strahm makes these arguments prematurely because it had not yet closed these requests at the time he filed the lawsuit. We agree.

"Under the PRA, a requester may only initiate a lawsuit to compel compliance with the PRA _after_ the agency has engaged in some final action denying access to a record." Hobbs v. Wash. State Auditor's Office, 183 Wn. App. 925, 935-36, 335 P.3d 1004 (2014). "[A] denial of public records occurs when it reasonably appears that an agency will not or will no longer provide responsive records." Hobbs, 183 Wn. App. at 936.

Strahm argues he timely filed his complaint because it reasonably appeared the County would no longer provide responsive records to requests K008190 and K008333.

1. Request K008190

As to Request K008190, Strahm claims he properly filed his claims because, after the County submitted the ninth installment, it would provide responsive records only in paper, rather than DBF, format. Before Strahm filed his lawsuit in May 2017, he had several communications with the County. In an e-mail dated March 29, 2017, the County provided Strahm with responsive records and stated:

> Snohomish County would like to know if these [records] satisfy your request. If not, in order to provide you the records you are seeking in the most cost and time efficient manner, we would like to know if you can identify particular items, projects, or timeframe, based on the [records] provided to you.

The County additionally informed Strahm he could expect the next installment on or before May 3, 2017.

> In the e-mail sent on May 3, 2017, The County stated:

> As you are aware, many of our financial documents are kept in paper format and do not exist digitally. We would need to scan these documents in order to provide them digitally. It is my understanding you are not seeking records that would need to be converted. If this is incorrect please let me know.

Strahm replied that he wanted the paper records in PDF format and the electronic records in native format. The County responded as follows:

> The records "necessary to isolate and prove the validity of every transaction" (RCW 43.09.200) do not exist in digital format. Snohomish County does not have an accounting system that

10

> supports digital supporting documents, therefore our records are still maintained in paper.
>
> In order to provide the records requested in PDF format we will need to scan these documents. If you would like to have items scanned we will provide you with estimates and require a 10% deposit.
>
> If you would like to review records in person, please let me know so we can make arrangements.

Strahm responded that he sought electronic database records. He additionally asked the County to make all responsive paper records available for inspection and copying, which it did on June 29, 2017.

The County sent the last e-mail 11 days before Strahm filed suit. Each of the County's communications evidenced its efforts to provide Strahm with responsive documents. The County repeatedly asked Strahm if he found the records responsive, asked him to clarify his requests, and stated its willingness to continue working to provide responsive documents. As such, we determine that, viewing the facts in the light most favorable to Strahm, at the time he filed his lawsuit, it did not reasonably appear that the County would cease to provide responsive records to request K008190.

2. Request K008333

Turning to Request K008333, Strahm claims it appeared the County would stop providing responsive records after it gave him the ninth installment on April 3, 2017. In the e-mail providing the ninth installment, the County stated:

> Finance Budget Operations has provided the 2015 CAFR Worktable. This worktable is provided to the State Auditor annually as a tool to allow them to determine what makes up each of the balances on the financial statements. It includes all of the transactions for all of the funds. We have also included an installment of scanned paper records from Information Technology (DoIT) at no cost. This is to show you a sample of the underlying cost documents. We are still

unclear of what you are seeking in regards to this item of your request. I am hoping the worktable will provide much of the information you are seeking. If it does not, please let me know and I will continue to provide samples of the types of documents we can produce.

The County e-mailed Strahm again on April 5, 2017, two days later. The e-mail conveyed to Strahm that the County was "continuing to gather and review responsive records" and "anticipate[d] having a next installment available on or before May 5, 2017." Strahm responded the next day that his request "seem[ed] clear enough." The County provided the next installment on May 2, 2017.

Again, the County's communications with Strahm demonstrated a willingness to work with him to understand his request and provide responsive records. The County produced the tenth installment of responsive records 13 days before Strahm filed his lawsuit. Though Strahm claims the tenth installment did not contain responsive records, the County had informed him it would continue to work toward meeting his request and could provide samples of the types of documents it could make available. Based on these communications, and the County's continual effort to deliver installments of responsive records to Strahm, we determine that when viewing the facts in the light most favorable to Strahm, it did not reasonably appear that the County would no longer provide responsive records to request K008333 at the time he filed suit.

In light of our conclusions as to Requests K008190 and K008333, we decline to address the merits[8] of Strahm's claims regarding these requests.

---

[8] With regard to Request K008190, Strahm claims the County failed to provide "fullest assistance" by not disclosing the native format of requested nonexempt electronic database records or translating the records into a commercially available format, did not conduct an adequate search for nonexempt electronic records, did not provide "fullest assistance" by falsely

C. Costs and Penalties as the Prevailing Party

Strahm seeks costs and penalties as the prevailing party on appeal. Because he does not prevail in this matter, we deny his request. See RCW 42.56.550(4) (entitling prevailing party to attorney fees and costs).

Affirmed.

_Chun, C.J._

WE CONCUR:

_Andrus, J._                    _Felviell, J._

---

claiming it could only produce certain documents in paper form, and destroyed nonexempt financial administration records subject to his PRA request. He requests $1.50 per day—for 446 days—per page in statutory penalties for 800 pages of electronic records (totaling $535,200) he claims the County wrongfully withheld. In relation to Request K008333, he argues the County did not conduct an adequate search for nonexempt electronic records, did not provide "fullest assistance" by falsely claiming it could only produce certain documents in paper form, and destroyed nonexempt financial administration records subject to his request.

13