IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| CHARLES RODRICK, an individual, | No. 76864-6-I |
| Plaintiff, | DIVISION ONE |
| BRENT OESTERBLAD, an individual, | |
| Appellant, | |
| v. | |
| SUSAN K. GALVEZ, NICHOLAS MAIETTA, EDWIN KEITH JOHNSON, GLENN ALEXANDER WYRICK, and ADAM GALVEZ, | UNPUBLISHED OPINION |
| Respondents, | |
| ABC PARTNERSHIPS I-X, DEF LIMITED LIABILITIES COMPANIES I-X, XYZ CORPORATIONS I-X, and DANIEL and JENNIFER VAN WAES, | |
| Defendants. | FILED: April 22, 2019 |

SCHINDLER, J. — Brent Oesterblad appeals the summary judgment dismissal of his claims against Susan and Adam Galvez, Nicholas Maietta, and Edwin Johnson and the CR 12(b)(6) dismissal of his claims against Glenn Wyrick. Because Oesterblad does not provide an adequate record for review or attempts to raise issues for the first time on appeal, we affirm.

The inadequacy of the record makes it difficult to ascertain the factual background. Apparently, Susan and Adam Galvez, Nicholas Maietta, Edwin Johnson, and Glenn Wyrick filed a lawsuit in Arizona against Brent Oesterblad and Charles Rodrick related to their ownership of websites featuring plaintiffs or their family members. Following the Arizona litigation, Oesterblad and Rodrick filed a lawsuit in King County Superior Court against Washington resident Susan Galvez and various "John Doe" defendants, alleging defamation, trade libel, abuse of process, false light invasion of privacy, and negligent and/or intentional infliction of emotional distress. The complaint also sought injunctive relief and damages, including punitive damages.

Oesterblad later filed notices naming Maietta, Johnson, Wyrick, Daniel and Jennifer Van Waes (collectively, Van Waes), and Adam Galvez as the John Doe defendants. Oesterblad did not amend the complaint.[1] Maietta, Johnson, Wyrick, and Van Waes are not Washington residents.

Susan and Adam Galvez (collectively, Galvez) filed and noted a motion for summary judgment dismissal for April 7, 2017. Van Waes filed and noted a CR 12(b)(6) motion to dismiss for the same day.

On February 24, Wyrick, acting pro se, sent a letter to the court asking to be dismissed as a defendant. The letter states, in pertinent part, "I am requesting 'DISMISSAL FROM THIS CASE BASED ON A LACK OF PERSONAL JURISDICTION'. I have never lived in the state of Washington. I have never worked there. I have never conducted business there."

---

[1] Oesterblad does not designate the complaint as part of the record on appeal.

In response, the court sent an e-mail to Wyrick and all the parties stating, "[A]ll requests for action from the Court must be made by means of a motion, properly filed for the record and served on all parties and the Court in compliance with applicable rules." But the e-mail notes:

> [T]his Court has already scheduled a motion to dismiss on behalf of two other defendants in this matter for 10:00 a.m. on Friday, April 7. It is not too late for me to add your motion to that date, for argument to the Court at the same time. Again, however, you will need to follow-up with a motion to the Court, filed and served no fewer than 28 days in advance of the hearing.

On March 15, 2017, Wyrick filed a "Notice to Join Motions to Dismiss." Wyrick states, "I join the Motions of Susan & Adam Galvez and Jennifer & Daniel Van Waes to dismiss this lawsuit for the same reasons that they have identified."

On March 24, Maietta, acting pro se, filed a motion to dismiss under CR 12(b)(2), stating, "[T]his Court does not have personal jurisdiction over me as I am a resident of California, having never worked or lived in the State of Washington."

Citing Hewitt v. Hewitt, 78 Wn. App. 447, 896 P.2d 1312 (1995), on March 27, Oesterblad and Rodrick filed a motion to voluntarily dismiss Van Waes under CR 41(a)(1)(B). In Hewitt, we held a court lacks personal jurisdiction over out-of-state defendants in a defamation action by a Washington resident when none of the defendants performed any acts related to the case in Washington. Hewitt, 78 Wn. App. at 453-55.

On March 29, the court struck Wyrick's March 15, 2017 motion to join the Galvez and Van Waes motions as untimely. The order states, "The Court will consider only Defendant Wyrick's letter motion requesting dismissal dated February 24, 2017."

On March 31, Johnson, acting pro se, filed a motion to join the Galvez summary judgment motion and the Van Waes CR 12(b)(6) motion. The motion states:

> Defendant Johnson is a legal resident of the State of Tennessee, has never had a physical presence in the State of Washington, nor plans to ever visit the State of Washington nor has he ever conducted or will conduct business in the State of Washington.

The court granted the motion to dismiss Van Waes under CR 41(a)(1)(B). The court also dismissed the claims against Wyrick. "CR 41 has not been brought as to Mr. Wyrick, but the Court is going to grant Mr. Wyrick's request. Again, there is absolutely no evidence that there is any basis for personal jurisdiction as to Mr. Wyrick." The court granted summary judgment dismissal of the claims against Galvez, Maietta, and Johnson as barred by res judicata and compulsory counterclaims under CR 13(a) in the Arizona lawsuit. Oesterblad appeals.

We note nearly all the parties are pro se in this appeal. Pro se litigants on appeal are held to the same standards as attorneys and are bound by the same rules of procedure and substantive law. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

Oesterblad contends the court erred in granting summary judgment dismissal of his claims against Galvez as barred by res judicata.

In Washington, res judicata applies where a prior final judgment is identical to the challenged action "in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made." Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995). Oesterblad argues there was no final judgment in the Arizona litigation or the subject matter and parties are not identical.

4

We review summary judgment de novo. Citizens All. for Prop. Rights Legal Fund v. San Juan County, 184 Wn.2d 428, 435, 359 P.3d 753 (2015). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Scrivener v. Clark Coll., 181 Wn.2d 439, 444, 334 P.3d 541 (2014). If the nonmoving party " 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' " then the court should grant summary judgment. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

In order to conduct a de novo review of the superior court summary judgment decision, we must review the pleadings submitted and considered by the superior court. See RAP 9.1. The appellant has the burden of perfecting the record so that the court has before it all the evidence relevant to the issue raised on appeal. In re Marriage of Haugh, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990). An insufficient appellate record precludes review of the alleged errors. Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994).

Oesterblad did not designate on appeal the summary judgment motion or any of the responsive pleadings. The record is inadequate to review or address summary judgment dismissal.

Oesterblad also asserts the court erred in dismissing his claims against Maietta, Johnson, and Wyrick under CR 12(b)(6). Oesterblad contends the motions to dismiss were untimely filed and violated local court rules that require a calendar note and the

moving party's address.[2] Oesterblad argues it was inappropriate for the court to consider the motions because the court had stricken several of his motions on the same grounds. Because Oesterblad did not raise any of these procedural arguments below, we decline to address these arguments on appeal. RAP 2.5(a) ("The appellate court may refuse to review any claim of error which was not raised in the trial court.").

We affirm dismissal of the claims against Galvez, Maietta, Johnson, and Wyrick.[3]

WE CONCUR:

---

[2] Oesterblad also contends the court was precluded from considering Maietta's motion to dismiss because Maietta had already answered the complaint. Oesterblad cites no authority in support of this argument.

[3] Oesterblad filed a motion to strike Wyrick's response brief on the grounds that it is "untimely, redundant, immaterial, impertinent and violates RAP 10.3(a)(6)." We deny the motion.