NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RACHEL A. PRICE, an Individual, and TESSA V. GEHARDT, an Individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SHELL OIL COMPANY, a Delaware Corporation, <br><br> Defendant, <br><br> and <br><br> EQUILON ENTERPRISES LLC D/B/A SHELL OIL PRODUCTS US, a Delaware Corporation, <br><br> Defendant-Appellee. | No. 14-35601 <br><br> D.C. No. 2:11-cv-01553-JCC <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 7, 2017
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Rachel Price and Tessa Gehardt ("Plaintiffs") were denied promotions in 2011 and 2012 by their employer, Equilon Enterprises. In this action, they alleged that the decisions not to promote them were based on their gender and sexual orientation and, therefore, violated Washington law. *See* Wash. Rev. Code § 49.60.180. After a jury returned a defense verdict, the district court entered judgment in favor of Equilon. We vacate that judgment and remand for a new trial.

1. The district court did not abuse its discretion in denying Plaintiffs' motion for leave to file a fifth amended complaint. Plaintiffs had already amended their complaint repeatedly, and the new cause of action that the proposed amended complaint asserted was based on facts long known to Plaintiffs. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). In addition, the motion was filed only five days before the deadline for dispositive motions and long after the time established in the pretrial scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).

2. Over Plaintiffs' objection, the district court gave the following instruction (Instruction 12) concerning Equilon's liability under Washington law for the acts of its employees:

> The Defendant, Equilon Enterprises, LLC, doing business as Shell Oil Products US, is sued as principal. The Plaintiffs claim that the employees involved in making the promotion decisions in 2011 and 2012 were acting as Equilon Enterprises' agents. Equilon Enterprises admits that those employees were acting as Equilon Enterprises' agents, and denies that those employees were acting within the scope of

2

authority.

If you find that those employees were agents of Equilon Enterprises and were acting within the scope of authority, then any act or omission of those employees was the act or omission of Equilon Enterprises.

If you find that those employees were not acting within the scope of authority as Equilon Enterprise's [sic] agent, then you must find for Equilon Enterprises, LLC.

3. The third paragraph of Instruction 12 was an incorrect statement of Washington employment law. Discriminatory statements "not made directly in the context of an employment decision or uttered by a non-decision-maker may be relevant, circumstantial evidence of discrimination." *Scrivener v. Clark Coll.*, 334 P.3d 541, 548 n.3 (Wash. 2014) (quoting *Reid v. Google, Inc.*, 235 P.3d 988, 1006 (Cal. 2010)); *see also Mackay v. Acorn Custom Cabinetry, Inc.*, 898 P.2d 284, 288 (Wash. 1995). Thus, the jury was not required to find for Equilon if it found that discriminatory statements were made or discriminatory actions were undertaken by employees not authorized to engage in the promotion decisions. Rather, the jury could consider those matters, together with other evidence, to determine whether discrimination was a substantial factor in the adverse employment decisions. *See Scrivener*, 334 P.3d at 545. Instruction 12 also directly contradicted Instruction 15, which accurately stated that Plaintiffs' burden was to prove that discrimination was a substantial factor in the failure to promote, regardless of its source.

4. Instruction 12 also failed to "fairly and adequately cover the issues presented." *See White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002). The instruction stated that Equilon admitted that employees involved in the promotion decisions were acting as Equilon's "agents, and denies that those employees were acting within the scope of authority." But there was no contest that at least two Equilon employees accused of discrimination were among those authorized to make the 2011 promotion decision.

5. Equilon did not argue in its appellate briefing that any instructional error was harmless. We therefore presume prejudice. *See Dang v. Cross*, 422 F.3d 800, 811 (9th Cir. 2005).

**VACATED and REMANDED for a new trial.** Costs on appeal awarded to Plaintiffs-Appellants.