**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JUN 12 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| W. GARY OLSON,<br><br>        Plaintiff-Appellant,<br><br>    v.<br><br>EDWINA S. UEHARA, in her official and individual capacities; RICHARD CORDOVA, in her official and individual capacities; SHARI SPUNG; UNIVERSITY OF WASHINGTON, an agency of the State of Washington; MICHAEL K YOUNG, in his official and individual capacities; JOHN DOE, I through IV, fictitious names for individuals whose true names are currently unknown, in their official and individual capacities,<br><br>        Defendants-Appellees. | No.   14-36100<br><br>D.C. No. 2:13-cv-00782-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted June 8, 2017[**]
Seattle, Washington

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

W. Gary Olson appeals the district court's grant of summary judgment on his claims against the University of Washington and various university employees (collectively, "the University"). We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's summary judgment. *Ambat v. City & Cty. of San Francisco*, 757 F.3d 1017, 1023 (9th Cir. 2014). We affirm.

With respect to Olson's retaliation claim, even if we assume that he advanced a prima facie showing of retaliation under Wash. Rev. Code § 49.60.210, Olson has failed to rebut the University's legitimate, nonretaliatory reason for taking an adverse employment action against him. *See Hollenback v. Shriners Hosps. for Children*, 206 P.3d 337, 343–44 (Wash. Ct. App. 2009). Specifically, Olson has failed to raise a genuine issue of material fact that the University's proffered reason was pretextual or that an improper, retaliatory purpose was a "substantial factor" motivating the University's actions. *See Scrivener v. Clark Coll.*, 334 P.3d 541, 546–47 (Wash. 2014).

Olson's Fourteenth Amendment claim for deprivation of his liberty interest without due process also fails. Even assuming that Olson has established that his asserted harms are sufficient to trigger the procedural protections of the Fourteenth Amendment, *cf. Paul v. Davis*, 424 U.S. 693, 711–12 (1976), he received an adequate pre-deprivation opportunity to clear his name. *Cox v. Roskelley*, 359 F.3d

2

1105, 1110–12 (9th Cir. 2004).

Because we uphold the district court's grant of summary judgment, we need not address the exclusion of Olson's damages expert for untimely disclosure under Federal Rule of Civil Procedure 26(a)(2).

**AFFIRMED.**