**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS HENNEMAN,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>KITSAP COUNTY, a Municipal corporation,<br><br>            Defendant-Appellee. | No.   18-35691<br><br>D.C. No. 3:17-cv-05066-RBL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 11, 2019
Seattle, Washington

Before:  BOGGS,** BERZON, and WATFORD, Circuit Judges.

Dennis Henneman appeals from the district court's grant of summary

judgment for Henneman's former employer, Kitsap County. We affirm.

1. The record does not support Henneman's argument that Kitsap County

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

improperly failed, under the Americans with Disabilities Act ("ADA) or the Washington State Law Against Discrimination ("WLAD"), to accommodate the leave request that Henneman made on December 23, 2014. Employers have "an affirmative obligation" to accommodate a disabled employee by "tak[ing] those steps reasonably necessary to enable the employee to perform his or her job." *Doe v. Boeing*, 121 Wash. 2d 8, 18 (Wash. 1993). Here, the County fully accommodated Henneman. Rather than insist that he return to work, as Henneman alleges, the County told Henneman that he could ask his psychologist to request additional leave; Henneman did, but he only asked for a short extension. When Henneman returned to work, he did so with the express permission of his psychologist and with a "light duty" accommodation.[1]

2. The district court also correctly granted summary judgment on Henneman's accommodation claim as that claim relates to the County's decision not to reinstate him. "[T]he duty to accommodate is a continuing duty that is not exhausted by one effort." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1138 (9th Cir. 2001) (citation and internal quotation marks omitted). But here, as discussed, the County did accommodate Henneman, until he requested that the

---

[1] Henneman argues that the light-duty work assigned to him was inappropriate because he might have needed to respond to an emergency, but he offers no evidence that he actually had to do so, or that the possibility that he might someday have to do so affected his ability to do his assigned tasks.

County reinstate him. By that time, however, Hennaman had already submitted his retirement notice, and the County had accepted it. Reinstating Henneman would have required the County "to alter the fundamental nature of the job" to accommodate him. *Pulcino v. Fed. Express*, 141 Wash. 2d 629, 644 (Wash. 2000), *overruled in part on other grounds by McClarty v. Totem Elec.*, 157 Wash. 2d 214 (2006). If reinstated, Henneman could have retired or resigned again under similar circumstances. As reliability, stability, and trustworthiness are basic job requirements for corrections officers, accommodation by reinstatement after voluntary retirement was not required by the ADA or the WLAD.

3. Henneman's argument that the district court erred in granting summary judgment on his discrimination claim also falls short.

Summary judgment on a discrimination claim under the WLAD is appropriate if no "reasonable judge or jury could find [the employee's] disability was a substantial factor motivating [the employer's] adverse actions." *Riehl v. Foodmaker*, 152 Wash. 2d 138, 149 (Wash. 2004) (emphasis omitted), *abrogated in part on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cty.*, 189 Wash. 2d 516 (2017) (en banc). Henneman did not provide direct evidence of discrimination, so the three-part *McDonnell Douglas* framework governs his discrimination claim. *See Scrivener v. Clark Coll.*, 181 Wash. 2d 439, 446 (Wash. 2014).

We conclude that Henneman failed to meet his burden at the third step of *McDonnell Douglas*—"to produce sufficient evidence that Defendant's alleged nondiscriminatory reason for [the employment action] was a pretext." *Id.* at 446 (quoting *Hume v. Am. Disposal Co.*, 124 Wn. 2d 656, 667 (Wash. 1994)). The County's alleged nondiscriminatory reason for not reinstating Henneman was that it could no longer be certain of Henneman's dedication to his job after he had presented what appeared to his supervisors to be his considered decision to retire. Henneman's only evidence that this was pretext are his supervisors' statements voicing this concern, combined with their knowledge of his recent mental-health issues. Henneman does not provide comparator evidence showing that the County reinstated non-disabled employees who had retired or resigned. *See Mikkelsen*, 189 Wash. 2d at 520, 526–32 (noting that comparator evidence is not required but does have evidentiary force). And his supervisors' statements, on their face and given the circumstances, expressed their valid concerns about Henneman's resolve. *See Riehl*, 152 Wash. 2d at 150-153 (noting a variety of circumstantial evidence supporting a discrimination claim).

4. The district court correctly granted summary judgment on Henneman's retaliation claim. Henneman alleges that the County retaliated against him when it confiscated his weapon and sent him home and when it refused to reinstate him. Neither allegation succeeds. Although both of the County's actions could possibly

qualify as adverse employment actions, *see Jin Zhu v. N. Cent. Educ. Serv. Dist.- ESD 171*, 189 Wash. 2d 607, 613 (Wash. 2017) (holding that refusing to hire gives rise to a retaliation claim under the WLAD); *McAlindin*, 192 F.3d at 1238–39 (determining that actions such as refusing to allow an employee to attend a training session or reprimanding an employee are adverse employment actions), Henneman provides no evidence "showing that retaliation was a substantial factor motivating" Kitsap County's actions, *Allison v. Hous. Auth.*, 118 Wash. 2d 79, 96 (Wash. 1991).

**AFFIRMED.**

*Dennis Henneman v. Kitsap County*, 18-35691

BERZON, Circuit Judge, dissenting in part:

I concur in the memorandum disposition except with respect to a portion of Henneman's accommodation claim and his discrimination claim. Because of errors made by the district court, I believe the correct course would be to reverse the district court's decision on those issues, which would still leave other questions to be resolved.

1. To the extent that Henneman's accommodation claim relates to the County's decision not to rescind his retirement or reinstate him, I believe the district court incorrectly granted summary judgment when it found Henneman's request per se unreasonable. Only "certain types of requests [for accommodation] have been found unreasonable as a matter of law." *Pulcino v. Fed. Express*, 141 Wash. 2d 629, 644 (Wash. 2000), *overruled in part on other grounds by McClarty v. Totem Elec.*, 157 Wash. 2d 214 (2006). While unusual, I do not think that Henneman's request was unreasonable as a matter of law. Hennaman was still employed by the County when he made his accommodation request, so the County could have accommodated him by "mak[ing] special adjustments to" its typical rescission or retirement policies. *McAlindin v. San Diego*, 192 F.3d 1226, 1237 (9th Cir. 1999), *opinion amended on denial of reh'g*, 201 F.3d 1211 (9th Cir. 2000)**.** The County could have allowed Henneman to rescind his retirement and

1

remain in his position; it could also have offered to consider him as a new job applicant—something the County never appears to have done—perhaps after an additional leave.[1] *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 959 (9th Cir. 2013) (explaining that a leave may be a reasonable accommodation because "the nature of an individual's disability may change over time" (citation and quotation marks omitted)). Accommodating Henneman in such a way once would in no way require the County, as it maintains, to do so repeatedly, should Henneman retire or resign again under similar circumstances.

2. I also believe the district court was too quick to grant summary judgment on Henneman's discrimination claim. As the majority notes, Henneman's only evidence that his disability "was a substantial factor motivating" the County's decision not to reinstate him are statements made by his supervisors about his commitment. *Riehl v. Foodmaker*, 152 Wash. 2d 138, 149 (Wash. 2004), *abrogated in part on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cty.*, 189 Wash. 2d 516 (2017) (en banc). But those statements about his dedication were made because of Henneman's actions surrounding his retirement, actions that Henneman argues the County knew to be the result of his depression. He had previously requested an accommodation from the County, and he

---

[1] Henneman's psychologist initially suggested that Henneman would be "likely to experience incapacitation for three-to-six months," but Henneman returned to work within three months.

mentioned his depression in a letter he sent the County requesting reinstatement. The County's concerns over his trustworthiness might therefore reflect a discomfort with employing a corrections officer suffering from the manifestation of depressive illness.

3. On remand, other issues pertinent to Henneman's claims would remain open—for example, whether, with or without an accommodation, Henneman remained qualified for employment following his retirement, or whether accommodating Henneman would place an undue burden on Kitsap County. *See Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1135 (9th Cir. 2001); *Pulcino*, 141 Wash. 2d at 643–44. I express no opinion as to whether Henneman can succeed as to those issues, as they were not raised in the County's summary judgment motion. As to the district court's rulings on the reinstatement accommodation and the discrimination issue, however, I respectfully dissent.